# UNDER SEAL

# UNDER SEAL

CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853
STEPHEN R. HANSON II
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Stephen.Hanson@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America ex rel. J. Gregory Jacobs,<br><br>                Plaintiffs,<br><br>        v.<br><br>Lincare, Inc., and Lincare Holdings, Inc.<br><br>                Defendants. | Case No.: 2:21-cv-01629-CDS-EJY<br><br>**Filed Under Seal**<br><br>**United States' Ex Parte Motion for a Six-Month Extension of Time to Consider Election to Intervene**<br>**(Second Request)** |

The United States of America moves under 31 U.S.C. § 3730(b)(3) for a six-month extension of time, from May 9, 2022, up to and including November 9, 2022, to consider whether to intervene in this qui tam action. The United States further requests that, during this extension period, the complaint and all other related filings remain under seal, except to the extent that the seal has been partially lifted by the Court or as may otherwise be ordered by the Court. This is the United States' second extension request.

As discussed in the memorandum of points and authorities in support of this motion, this extension is necessary for the United States to advance its investigation of the relator's

1

allegations, develop the facts, assess the complexity of both the factual and legal aspects of the case, and determine whether to intervene in the case.[1]

Counsel for the United States has informed relator's counsel that it is filing this motion, and the relator has no objection to the extension. A form of order is attached to this motion.

Dated: April 28, 2022

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

 /s/  Stephen R. Hanson II
STEPHEN R. HANSON II
Assistant United States Attorney

---

[1] In March 2015, the Judicial Conference of the United States changed how *qui tam* cases are reported to the Administrative Office of the Courts under the Civil Justice Reform Act. Recognizing that *qui tam* cases often require lengthy periods of investigation, and often require coordination among federal criminal, civil, and agency authorities as well as state actors, the Judicial Conference has amended the reporting requirements to provide that *qui tam* cases under the False Claims Act will be deemed pending on the date such cases are unsealed by the court, rather on the date they were filed by the relator. This change ensures that the time the government needs to pursue its sealed investigation and negotiations will not adversely impact the Court's docket.

<h1 style="text-align:center">Memorandum of Points and Authorities</h1>

## I. Background

### A. The Qui Tam Action

Relator J. Gregory Jacobs (relator) filed this sealed *qui tam* case under the False Claims Act, 31 U.S.C. § 3730(b)(2). Relator alleges that the defendants, a nationwide supplier of respiratory-therapy products and services for in-home patients that receive funding through billing Medicare, routinely billed Medicare for oxygen equipment rental fees long after receiving notice that the equipment was no longer in use.

### B. Investigation to Date

The current seal and government evaluation period in this case expire on May 9, 2022. The United States seeks a six-month extension of that deadline, up to and including November 9, 2022. Given its investigatory efforts to date, the United States respectfully submits that it has good cause for the requested extension. The United States has assembled a team of investigators and attorneys from the United States Attorney's Office, the Department of Justice, the Department of Health and Human Services, and TRICARE who are working in collaboration to analyze the allegations in the complaint. The United States recently received data from the Department of Health and Human Services and TRICARE regarding the billing codes at issue in the complaint. Given the allegations in the complaint, the United States is analyzing Lincare's Medicare billing records and other records to determine the nature and extent of damages suffered by the United States. The United States intends to interview the relator and may need to interview other witnesses to obtain further information on the alleged fraud scheme. Accordingly, the United States requires additional time to investigate the allegations in the complaint.

## II. Argument

The qui tam provisions of the False Claims Act provide in pertinent part:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene

>    and proceed with the action within 60 days after it receives both the complaint
>    and the material evidence and information.
>
>    (3) The Government may, for good cause shown, move the court for extensions
>    of the time during which the complaint remains under seal under paragraph (2). . . .

31 U.S.C. §§ 3730(b)(2), (3).

The False Claims Act permits a private party (a relator) to bring suit to recover damages allegedly suffered by the United States due to fraud. Under this statute, the action remains under seal for 60 days from service on the United States of the complaint and written disclosure statement. During this 60-day period, the United States may elect to intervene and assume primary responsibility for the litigation. 31 U.S.C. § 3730(b)(2).

Generally speaking, the Ninth Circuit finds good cause exists to prevent disclosure of information where a party shows that disclosure will result in a specific prejudice or harm. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (defining good cause under Fed. R. Civ. P. 26(c)). District courts have applied Rule 26(c)'s standard to define good cause under the False Claims Act. *U.S. ex rel. McCoy v. California Med. Review, Inc.*, 133 F.R.D. 143, 146 (N.D. Cal. 1990) (good cause exists where "disclosure will work a clearly defined, specific and serious injury."); *U.S. ex rel. Callahan v. U.S. Oncology, Inc.*, 2005 WL 3334296, at *1 (W.D. Va. Dec. 7, 2005) (same).

Good cause exists to extend the evaluation period until November 9, 2022. The United States is working diligently to investigate this matter in collaboration with other agencies to determine whether the allegations in the complaint are valid and whether the United States should intervene in this matter. An additional six months is needed to continue this investigation, analyze the data recently obtained, obtain and analyze relevant records, interview the relator, and potentially interview other knowledgeable witnesses and negotiate with defendants. The United States therefore respectfully submits that good cause exists for an extension of time to intervene.

The United States further requests that, during this extension period, the complaint and all other related filings remain under seal except to the extent that the seal has been partially lifted by the Court or as may otherwise be ordered by the Court. Keeping the complaint and

other filings under seal during this six-month period will further the government's interest in effectively and efficiently investigating the relator's allegations.

### III. Conclusion

For the foregoing reasons, and having shown that good cause exists, the United States respectfully requests that its Ex Parte Motion for a Six-Month Extension of Time to Consider Election to Intervene be granted.

Dated: April 28, 2022

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

 /s/  *Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853
STEPHEN R. HANSON II
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Stephen.Hanson@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America ex rel. J. Gregory Jacobs,<br><br>            Plaintiffs,<br><br>     v.<br><br>Lincare, Inc., and Lincare Holdings, Inc.<br><br>            Defendants. | Case No.: 2:21-cv-01629-CDS-EJY<br><br>**Filed Under Seal**<br><br>**Proposed Order** |

The Court having considered the United States' Ex Parte Motion for a Six-Month Extension of Time to Consider Election to Intervene, and good cause having been shown, it is hereby ORDERED that:

(1) The motion is GRANTED; and

(2) The United States shall have up to and including November 9, 2022, to notify the Court of its decision whether to intervene in the above-captioned qui tam action or to notify the Court that it declines to do so; and

IT IS FURTHER ORDERED, the complaint and all filings in this case otherwise shall remain UNDER SEAL until further Order of this Court unless the United States requests that the seal be lifted before that date and the Court so orders; and

IT IS FURTHER ORDERED that the Clerk of the Court must serve a copy of this Order upon counsel for the United States only and must not serve a copy of this Order upon relator or relator's counsel or upon defendant or defendant's counsel in this action.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE