1

2

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

3 United States of America, ex rel. J. Gregory Jacobs,

4                                          Plaintiffs

5          v.

6 Lincare, Inc., et al.,

7                                          Defendants

8

Case No. 2:21-cv-01629-CDS-EJY

**Order Granting in Part the United States' Motion to Unseal Case**

[ECF No. 39]

9          The United States seeks to unseal this qui tam action, but requests that certain docket

10 entries remain sealed.

11          Relator J. Gregory Jacobs initiated this action under the provisions of the False Claim Act

12 (FCA), 31 U.S.C. § 3729, et seq. Compl., ECF No. 1. The complaint was filed under seal in

13 accordance with 31 U.S.C. § 3730(b)(2). After multiple applications and orders granting extensions

14 of time for the United States to elect to intervene or not, Jacobs filed a voluntary dismissal. ECF

15 No. 33. The United States did not file a notice of election or declination to intervene. Instead, it

16 consented to dismissal. ECF No. 34. In that notice, the United States requested that the contents

17 of the Court's file remain under seal, with the exception of the complaint, the notice of voluntary

18 dismissal without prejudice, the United States' notice of consent to dismissal and order, and any

19 subsequent filings in this case. *Id.*

20          In March of 2024, the United States moved for a copy of the order granting its notice of

21 consent to the dismissal. Mot., ECF No 36. That motion appeared to contain a request to unseal

22 the case; however, because it was unclear whether the United States' intention was to merely

23 obtain a copy of the signed order or to unseal the case in its entirety, that motion was denied

24 without prejudice. Order, ECF No. 38.

25

26

1    The United States now moves to unseal the case, but requests that certain docket entries

2  remain sealed. Mot., ECF No. 39. Specifically, the United States requests that its motions for

3  extensions of its intervention deadline and the Court's orders granting those motions (ECF Nos. 4,

4  5, 10, 11, 25, 27)[1] remain under seal because they discuss the content and extent of the United

5  States' investigation, and those documents are provided by law to the Court alone for the sole

6  purpose of evaluating whether the seal and the time for making an election to intervene should be

7  extended. *Id.* at 2.

8  I.    **Discussion**

9    Under the qui tam provisions of the FCA, private parties acting as "relators" are

10  authorized to file suit on behalf of the United States alleging fraud. *See* 31 U.S.C. § 3730(b). These

11  qui tam complaints remain under seal for at least 60 days to allow the United States time to decide

12  whether to intervene. 31 U.S.C. § 3730(b)(2)–(c). These provisions were adopted "primarily to

13  allow the government first to ascertain in private whether it was already investigating the claims

14  stated in the suit and then to consider whether it wished to intervene." *Erickson ex rel. United States v.*

15  *American Inst. of Biological Sciences*, 716 F. Supp. 908 (E.D. Va. 1989)). Courts have discretion to unseal

16  documents filed in qui tam cases unless the United States shows that such disclosure would: (1)

17  reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or

18  (3) harm non-parties. *United States v. Ctr. for Empl. Training*, 2016 U.S. Dist. LEXIS 17840, at *5 (E.D.

19  Cal. Feb. 11, 2016).

20    Although the FCA contemplates lifting the seal on the relator's complaint once the

21  United States has decided whether to intervene, it is silent as to whether other documents should

22  remain sealed once the decision about intervention is made. Here, the United States moves to

23  unseal the case, but it believes that unsealing its motions for extensions of its intervention deadline

24  and the Court's orders granting those motions (ECF Nos. 10, 11, 25, 27) should remain under seal

25

26

---

[1] The Court notes that ECF No. 4 and ECF No. 5 are a motion to extend the deadline for lead counsel to file their verified petition for permission to practice pro hac vice and the order granting the deadline extension.

1  because they discuss the content and extent of the United States' investigation. ECF No. 39 at 2.

2  This alone does not establish compelling reasons or good cause to maintain these documents under

3  seal.[2] A review of the documents reveals nothing in these requests for extensions of time that

4  disclose any confidential investigative technique or method. The relevant filings do discuss some of

5  the United States' investigation of this matter, but the investigation is discussed in such a general

6  manner that it is difficult to see how unsealing such material could result in harm or justify

7  denying public access to the court filings—and the United States has provided no developed

8  argument to seal any filing. Furthermore, the qui tam case has concluded so unsealing these

9  documents would not jeopardize an ongoing investigation. Finally, the documents do not

10  implicate specific people or provide any substantive investigative procedures or details. Therefore,

11  considering the strong presumption in favor of access to court documents discussed in *Kamakana*,

12  v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), I find that the entire docket should be

13  unsealed.

14  **II.        Conclusion**

15          Therefore, the United States' motion to unseal **[ECF No. 39] is granted in part**. The

16  United States' request to maintain the seal on certain records is **denied**. The Clerk of Court is

17  instructed to unseal the entire docket.

18          Dated: September 4, 2024

19          _____

20          Cristina D. Silva
           United States District Judge

21

22

23

24  ───────────────

25  [2] "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). The "less exacting 'good cause' standard" applies (1) to "private materials unearthed during discovery," as such documents are not part of the judicial record, and (2) to "previously sealed discovery" attached to non-dispositive motions. *Id.* citing *Pintos*, 605 F.3d at 678).

26